# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Andre Bryant | ) | Case No. 3:21-mj-70247 MAG |
| | ) | |
| *Defendant(s)* | ) | |

FILED
Feb 10 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  July 7, 2020  in the county of  Napa  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition<br>Max. Penalties: 10 years' imprisonment, 3 years' supervised release, forfeiture of firearm and ammunition, $250,000 fine, $100 special assessment |
| 21 U.S.C. § 841(a)(1), (b)(1)(B) | Possession with Intent to Distribute 100 grams or more of Heroin Mixture<br>Max. Penalties: 5 years' (min.) to 40 years' imprisonment, 4 years' (min.) to lifetime supervised release, $5,000,000 fine, $100 special assessment, forfeiture |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

/s/ Landon Hoffman
*Complainant's signature*

Approved as to form  /s/ Yoosun Koh
AUSA  Yoosun Koh

Landon Hoffman, Special Agent, HSI
*Printed name and title*

Sworn to before me by telephone.

Date:  02/09/2021

*Judge's signature*

City and state:    San Francisco, California

Hon. Laurel Beeler
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Landon Hoffman, a Special Agent with the Department of Homeland Security, Homeland Security Investigations, having been duly sworn, do declare and state:

**INTRODUCTION**

1. This Affidavit is made in support of an application for a criminal complaint against, and arrest warrant authorizing the arrest of, Andre BRYANT ("BRYANT") for (1) being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), and (2) possessing with intent to distribute a controlled substance, specifically, 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), on or about July 7, 2020 in the Northern District of California.

2. The facts set forth in this affidavit are based on my own personal knowledge, information I obtained from other individuals during my participation in this investigation, my review of documents and records related to this investigation, including criminal history documents and police reports, and information gained through my training and experience. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

3. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me that supports probable cause for arrest. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that the violations of federal law identified above have occurred.

## AGENT BACKGROUND

4. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement /Homeland Security Investigations ("HSI"), presently assigned to the Office of the Special Agent in Charge, San Francisco, California ("HSI SF").

5. I graduated from the Criminal Investigator Training Program and the HSI-Special Agent Training Program at the Federal Law Enforcement Training Center in January 2018. Prior to my acceptance with HSI, I spent approximately nine years as a certified Peace Officer in the state of Georgia serving as a Police Officer with the Union City Police Department. During my tenure with the Union City Police Department, I served as a Patrol Officer, Special Investigator, Sergeant, and Lieutenant. My law enforcement career has enabled me to receive over 2500 hours in relevant training to include advanced investigative techniques, evidence collection, crime-scene processing, criminal law procedures, warrant preparation, interviewing, surveillance techniques, crime analysis, and operational planning. I hold a Bachelor of Science in Criminal Justice and a Master's in Public Administration.

6. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct criminal investigations, execute search warrants, and make arrests for offenses for offenses of federal law, including for violations of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a).

**APPLICABLE LAW**

7. Title 18, United States Code, § 922(g) states, in pertinent part, that "[i]t shall be unlawful for any person . . . (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possesses in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). The defendant must also have known, at the time he possessed the firearm or ammunition, that he had been convicted of a crime punishable by imprisonment exceeding one year.

8. Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) prohibits a person from knowingly possessing 100 grams or more of a mixture or substance containing a detectable amount of heroin, or other controlled substance, with the intent to distribute it to another person, and provides for a punishment of a term of imprisonment which may not be less than five years and not more than forty years for a violation of this Section.

**FACTS ESTABLISHING PROBABLE CAUSE**

9. BRYANT has multiple prior felony convictions for crimes punishable by a term of imprisonment exceeding one year. For example, on or about February 8, 2013, in the Superior Court of California, County of Solano, BRYANT was convicted of two felonies: (1) possession of cocaine for sale in violation of Cal. Health & Safety Code § 11351.5 and (2) transportation/sale of a controlled substance in violation of Cal. Health & Safety Code § 11352(a), with an enhancement for committing the offense while on bail and with a prior controlled substance conviction. A conviction for a violation of Cal. Health & Safety Code § 11351.5 and a conviction for a violation of Cal. Health & Safety Code § 11352(a) are each punishable by a term of imprisonment exceeding one year. BRYANT was sentenced to three

years' imprisonment for each felony conviction to be served concurrently, with the last 18 months of his sentence suspended.

10. My review of BRYANT's criminal history indicates that he has multiple other prior felony and misdemeanor convictions and the aforementioned convictions do not reflect the entirety of BRYANT's criminal history.

11. On or about July 7, 2020, American Canyon Police Department ("ACPD") officers responded to Fairfield Inn and Suites, 3800 Broadway Street, American Canyon, Napa County, California, after receiving a Napa County Dispatch report of drug dealing activity in the hotel parking lot. The hotel manager reported that there were three cars in the parking lot "dealing drugs," two cars had already left, and one "Grey Dodge Charger LIC: XXXZ807" remained, and a "black adult male" was inside the Charger counting money in his car. Upon arrival, ACPD officers observed a black adult male, later identified as Andre BRYANT, standing in front of a Dodge Charger, which fit the description and location of the dispatch report. BYRANT had a grey backpack slung cross-body across his chest. An ACPD officer advised BRYANT that officers were dispatched to the hotel to investigate possible drug selling activity. Bryant denied any involvement in drug activity.

12. BRYANT produced a California identification card bearing his correct name ("Andre Lamar BRYANT") and date of birth (August 14, 1981). ACPD officers conducted a warrants check of BRYANT through Napa County Dispatch, which advised that BRYANT had a "no cite release" warrant out of Solano County for "FTA on dangerous drugs." ACPD officers detained BRYANT, handcuffed him, and removed BRYANT's backpack.

13. Napa Dispatch advised ACPD officers that the name on the warrant matched the first name, middle name, last name, and alias for Andre Lamar BRYANT. ACPD officers searched

4

BRYANT incident to arrest and then secured him in the back of one of their patrol vehicles. The following items were found on BRYANT's person:

- Three bags of U.S. currency
- One large clear baggie containing a brown powdery substance, suspected to be heroin.
- One pocket knife

14. ACPD officers then searched BRYANT's backpack incident to arrest and found a .40 caliber semi-automatic handgun, loaded with one (1) round in the chamber and an additional eight (8) rounds were in the inserted magazine. They also recovered several clear baggies tied with knots, each filled with suspected narcotics. The following suspected controlled substances were found in BRYANT's backpack:

- 460 grams of suspected heroin
- 14 grams of suspected cocaine
- 12 grams of suspected methamphetamine
- 398 grams of suspected marijuana
- Approximately 50 pills, including suspected oxycodone, methadone, clonazepam, and ecstasy.

A presumptive test using a Narcotics Field Identification Kit ("NIK") revealed a positive result for the heroin, cocaine, and methamphetamine.

15. In addition to the narcotics and firearm, the following items were also located in BRYANT's backpack:

- A scale with suspected heroin residue
- A methamphetamine pipe

- Small cut straws or "tooters" used for snorting narcotics
- A container of baking soda
- Approximately 30 clear baggies
- Other drug paraphernalia

Based on my training and experience, I know the aforementioned items are commonly used by drug dealers to help facilitate the sale and use of narcotics.

16. Based on the amount of cash, loaded firearm, quantities of different narcotics, scale, packaging materials, and other drug paraphernalia that were found on BRYANT's person and in his backpack, there is probable cause to believe that BRYANT possessed heroin and other controlled substances with the intent to distribute them to another person.

17. The firearm that BRYANT possessed is a .40 caliber Heritage Stealth C4000 semi-automatic pistol bearing serial number B00281. An interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") analyzed the firearm and concluded that it was assembled by Heritage Manufacturing, Inc. in the state of Florida. Therefore, the handgun traveled in interstate commerce to have been located in BRYANT's backpack in California on or about July 7, 2020.

18. Further inspection of the ammunition revealed that it consisted of two (2) Hornady cartridges, six (6) Winchester cartridges, and one (1) Federal cartridge. Based on my training and experience, I know that Winchester cartridges are only manufactured in the states of Illinois or Mississippi. Therefore, the Winchester ammunition must have traveled in interstate commerce before being recovered during BRYANT's arrest in the state of California.

### REQUEST TO SEAL AFFIDAVIT, CRIMINAL COMPLAINT, AND ARREST WARRANT

19. Based on my training and experience, the disclosure of the existence of this affidavit, the complaint, the arrest warrant, and related documents may cause BRYANT or other co-conspirators, known and unknown at this time, to destroy evidence or to conceal ongoing criminal activity, jeopardizing the progress of the ongoing investigation.  I therefore request that the Court seal this affidavit, the complaint, the arrest warrant, and related documents.

## CONCLUSION

20. Based on the information set forth in this affidavit, I respectfully submit that there is probable cause to believe that on July 7, 2020, Andre BRYANT was a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, § 922(g)(1), and that he also knowingly possessed with intent to distribute a controlled substance, specifically, 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(B).

/s/
Landon Hoffman
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim .P. 4.1 and 4(d) on this 9th day of February 2021.  This application and warrant are to be filed under seal.

THE HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE